UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH J. CAVICO, JR.,

                                                                        <u>ORDER</u> and
                                                                        <u>AMENDED SCHEDULING ORDER</u>

                    Plaintiff,

                                                                        18-CV-6329W

      v.

MS. BROWN, GNP-BC Nurse Practitioner
Steuben County Jail and NURSE SCHAUPP,

                    Defendants.
_____


        Plaintiff Joseph J. Cavico, Jr. ("Cavico") filed this action against defendants pursuant to 42 U.S.C. § 1983. (Docket ## 1, 45). Currently pending before this Court is plaintiff's motion to compel initial disclosures from defendants and to extend the deadline for amending the pleadings. (Docket # 57). Defendants oppose the motion to compel on the grounds that they previously served their initial disclosures on November 22, 2019, and defendants represent that they have provided an additional copy of those disclosures to plaintiff in response to his motion.[1] (Docket # 60 at ¶ 4 and Exhibit A). Defendants do not appear to oppose plaintiff's request for an extension of the amendment deadline. (Docket # 60). Because defendants have served their initial disclosures, any request for an order compelling them to do so is now moot. *Vega v. Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses[;] [b]ecause defendants represent that

---

[1] Defendants did not file their initial disclosures, presumably "in consideration of the confidentiality of some of the documentation" contained in those disclosures. (Docket # 60 at ¶ 4). Rule 5.2(f) of the Local Rules of Civil Procedure of the Western District of New York requires that all discovery materials, including initial disclosures, be filed with the Court in cases involving incarcerated *pro se* litigants. *See* L.R.Civ.P. 5.2(f). Upon filing, the discovery materials "will automatically be restricted to Court staff and parties in the action." *See* L.R.Civ.P. 5.2(f)(3).

they have now produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith v. Fischer*, 2008 WL 5129863, *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's request for admissions[;] . . . [a]ccordingly, to the extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot").

For the reasons discussed, plaintiff's motion to compel and for an extension of time **(Docket # 57)** is **GRANTED in part and DENIED in part**. Specifically, that portion of the motion which seeks to compel defendants' initial disclosures is denied as moot. In accordance with Rule 5.2(f)(3) of the Local Rules of Civil Procedure for the Western District of New York, defendants are directed, on or before **March 4, 2022**, to file their initial disclosures with the Court. Plaintiff's request for an extension of the deadline to amend the pleadings is granted, and the parties shall have until **March 23, 2022,** to file any motions seeking leave to amend the pleadings. All other dates in this Court's Amended Scheduling Order (Docket # 67) shall remain unchanged.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       February 17, 2022